**STATE of Missouri,
Plaintiff–Respondent,**

v.

**David Allen McKAY,
Defendant–Appellant.**

**No. WD 31188.**

Missouri Court of Appeals,
Western District.

Nov. 3, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 2, 1980.

Application to Transfer Denied
Jan. 13, 1981.

Julian J. Ossman, Asst. Public Defender, 19th Judicial Circuit, Jefferson City, for defendant–appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for plaintiff–respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

DIXON, Judge.

Defendant appeals his conviction pursuant to the Second Offender Act, § 556.280 RSMo 1969 (repealed effective January 1, 1979 by the Laws of 1977, Senate Bill # 60, § 1) of offering violence to a guard employed by the State Division of Corrections in violation of § 216.460 RSMo 1978. The trial court sentenced him to three years imprisonment pursuant to a jury verdict of guilty.

The defendant asserts that the evidence is insufficient to sustain the conviction and that plain error occurred when the prosecuting attorney argued that it was necessary for the jury to convict under the statute to provide a basis for the enforcement of the regulations of the institution in which defendant was confined and that a failure to convict would result in the inability of the officers to control the inmates in the institution.

The rule of *State v. Jackson,* 500 S.W.2d 306 (Mo.App.1973), requires that, in testing sufficiency of the evidence, the evidence be viewed in the light most favorable to the verdict, and all reasonable inferences in favor of the verdict be drawn. So considered, the evidence shows that the defendant struck a guard when the guard attempted to remove him from his dormitory to administrative segregation. The argument of the prosecutor was within the principle of *State v. Steward,* 564 S.W.2d 95 (Mo.App.1978).

No error appears. An extended opinion would have no precedential value. The judgment of conviction is affirmed pursuant to Rule 84.16(b).

All concur.